IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JOHN L. PERRY,               *

       Petitioner,       *

                                 CASE NO. 7:00-CR-12 WLS

v.                     *          28 U.S.C. § 2255

                                 CASE NO. 7:08-CV-90030 WLS

UNITED STATES OF AMERICA,  *

       Respondent.     *

## REPORT AND RECOMMENDATION

A seventy-two count indictment returned in this court on May 16, 2000, charged Petitioner Perry and other defendants with offenses related to the operation of a "Ponzi scheme to sell promissory notes with no source of income other than the investors' funds." *United States v. Cawthon*, No. 02-12360, slip op. at 2 (11th Cir. Aug. 6, 2003)(per curiam). Specifically, Petitioner Perry was charged in Count One with Conspiracy to Defraud, Counts Two through Ten and Counts Thirty-six through Forty with Mail Fraud, Counts Eleven through Twenty-three and Counts Forty-one through Forty-seven with Wire Fraud, Counts Twenty-four through Thirty-five and Counts Forty-eight through Fifty-one with Securities Fraud, and Count Fifty-two with Conspiracy to Launder the Proceeds of an Unlawful Activity. (Doc. 457, p. 2). Petitioner Perry was arraigned on May 31, 2000, and pled not guilty to all counts. (Doc. 13). Petitioner, along with his co-defendants, was tried from November 26, 2001, to December 6, 2001, after which a mistrial was declared. Petitioner was re-tried from January 22, 2002, to January 31, 2002, and found guilty on all counts charged. (Doc. 218). On April 4, 2002, Petitioner was

sentenced to a total term of imprisonment of 210 months, to be followed by three years of supervised release, and was ordered to pay restitution in the amount of $2,157,776.06. (Doc. 256).

Petitioner Perry timely appealed his conviction, which was affirmed by the United States Court of Appeals for the Eleventh Circuit on August 6, 2003, except for remand for re-sentencing as to Count Fifty-two. (Doc. 317). Petitioner was re-sentenced on Count Fifty-Two ultimately to the same total term of imprisonment of 210 months, three years of supervised release, and restitution in the amount of $2,157,776.06. (Doc. 342). Petitioner appealed his re-sentencing, with the Circuit Court affirming the same on October 13, 2006.[1] (Doc. 391). Thereafter, on October 14, 2008, Petitioner filed a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Docs. 456, 457).

## Discussion of Petitioner's Claims

### I.      Ineffective Assistance of Trial and Appellate Counsel

To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). To establish deficient performance, a defendant must prove that his counsel's performance was unreasonable under prevailing professional norms and that the

---

[1]      The Judgment in Petitioner Perry's case was recently amended on September 29, 2009, to clarify the "joint and several" language in the restitution order. (Doc. 540).

challenged action was not sound strategy. There is a strong presumption that the challenged action constituted sound trial strategy. *Chatelain v. Singletary*, 89 F.3d 749 (11th Cir. 1996). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Van Poyck v. Fla. Dep't. of Corr.*, 290 F.3d 1318 (11th Cir. 2002). To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the proceedings would have been different. *Meeks v. Moore*, 216 F.3d 951 (11th Cir. 2000); *Mills v. Singletary*, 63 F.3d 999 (11th Cir. 1995). If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the *Strickland* test. *Holiday v. Haley*, 209 F.3d 1243 (11th Cir. 2000).

Petitioner has also alleged several claims of ineffective assistance of counsel as to counsel's representation of him on appeal. (Doc. 457, pp. 5, 7, 12, 14). The Eleventh Circuit Court of Appeals has held that the *Strickland* standard applies to ineffective assistance of appellate counsel claims. *Heath v. Jones,* 941 F.2d 1126, 1130 (11th Cir. 1991), *cert denied*, 502 U.S. 1077, 112 S. Ct. 981 (1992). To prevail on such claims, a petitioner must show that his appellate counsel's performance was deficient and that this performance prejudiced the defense. *Id.* In this case, Petitioner was represented by the same counsel, his father, David Perry, at trial and on appeal.

**Issue 1.       Trial Counsel was ineffective for not objecting to the court's failure to instruct the jury on Count 52 of the Indictment.**

3

Petitioner Perry argues that during the jury instruction phase of his trial, the court failed to specifically instruct the jury as to money laundering, a violation of 18 U.S.C. § 1956, in Count 52 of the Indictment.  (Doc. 457, p. 4).  Petitioner claims that the court never referred to "the Count 52 conspiracy, let alone specifically instruct on the elements that must be proven by the government necessary to convict on Count 52."  *Id.*

The Indictment with which Petitioner was specifically charged states in Count Fifty-two, that:

> On or about November of 1996, the exact date being unknown to the Grand Jury, and continuing to on or about the 20th day of June 1997, in the Valdosta Division of the Middle District of Georgia and elsewhere, the defendants . . . and others both known and unknown to the Grand Jury, knowingly conspired and agreed together and with each other, and with others both known and unknown to the Grand Jury, to commit offenses under Title 18, United States Code, Sections 1956 and 1957, that is:
>
> (1) to conduct and attempt to conduct a financial transaction affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, that is, mail fraud and wire fraud, with the intent to promote the carrying on of such specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I); and
> (2) to knowingly engage and attempt to engage in a monetary transaction in criminally derived property that was of a value greater than $10,000.00 and was derived from specified unlawful activity, that is, mail fraud and wire fraud, in violation of Title 18, United States Code, Section 1957.

(Doc. 1. pp. 25-26).

4

Petitioner, however, is incorrect as to each of his claims.  First, the court gave proper jury instructions as to Count 52, providing the jury with the elements of money laundering in violation of 18 U.S.C. § 1956.  Furthermore, upon resentencing, the court specifically referenced 18 U.S.C. § 1956(a)(1)(A) as the crime upon which Petitioner was found guilty beyond a reasonable doubt.  A thorough review of the record reveals that Petitioner's analysis of the jury instructions given by the court fails to cite any proper authority which would support his conclusions and, thus, this argument is wholly without merit.

"Conclusory claims are not cognizable and therefore do not merit consideration." *State v. Jones,* 614 F.2d 80 (5th Cir. 1980). Furthermore, "[c]onclusory allegations of ineffective assistance are insufficient."  *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992)(citing *United States v. Lawson,* 947 F.2d 849, 853 (7th Cir. 1991). Having failed to establish that the court erred in providing instructions to the jury, Petitioner cannot show that his counsel's conduct resulted in any prejudice to him, or that  no other attorney would not have acted exactly as Petitioner's trial attorney did in this respect.  Also, having failed to show prejudice, actual, presumptive, or otherwise,  Petitioner's claim lacks merit and should be denied.

**Issue 2.**       **Appellate Counsel was ineffective for failing to discover, develop and raise the issue in Paragraph 1 above.**

As noted *supra*, Petitioner was represented by the same counsel at trial and on appeal.  Because no error was found with regard to the trial court's jury instructions in the

previous claim, there can be found no error as to Petitioner's appellate counsel's failure to raise said claim. Petitioner's claim of ineffective assistance of appellate counsel as to this issue is, therefore, without merit.

**Issue 3.** **Trial counsel was ineffective for failing to raise any *Apprendi* argument at sentencing.**

Petitioner next argues that his trial counsel's failure at sentencing to raise any *Apprendi* argument seriously prejudiced him where he was sentenced to 210 months for his conviction of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). (Doc. 457, p. 6). Petitioner contends that "instead of facing a ten year maximum term under 18 U.S.C. § 1957, the defendant was erroneously subjected to the twenty-year maximum term under 18 U.S.C. § 1956(a)(1)(A)(i)" where he was charged with violations of both statutes in Count 52 of the Indictment. *Id.* Petitioner further claims that the "arbitrary selection of the higher of the two alleged objects of the conspiracy for sentencing purposes was contrary to the finding in *Apprendi*." *Id.*

While he is correct as to the maximum penalties for violations of 18 U.S.C. §§ 1956 and 1957, Petitioner's belief that raising an *Apprendi* claim would have required that his sentence be reduced is misguided at best. The *Apprendi* rule, as stated by the Supreme Court, holds that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000).

In his charge to the jury, the court specifically referenced the charge of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and the jury convicted Petitioner of the same.  Petitioner appealed his conviction and the Eleventh Circuit Court of Appeals remanded the case for re-sentencing "where the district court failed to find beyond a reasonable doubt which offense in the multiple-count indictment the defendants conspired to commit." (Doc. 446-3, p. 12).  At his resentencing, the court specified that it found that the defendants "conspired to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A).  That violation was an object of Count 52 which charged a conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h)."  (Doc. 342).

After his re-sentencing, Petitioner filed a second appeal to the Eleventh Circuit, wherein he first alleges a violation of *Apprendi.  See United States v. Lindsey,* 200 F. App'x. 902 (11th Cir. 2002).  The appellate court determined that "the defendants did not raise any *Apprendi* arguments at their initial sentencing hearing even though such arguments were available to them.  Accordingly, the defendants have waived their ability to raise *Apprendi* error in this appeal . . . ." *Id.*

Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.  *McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir. 2001); *Jones v. United States,* 153 F.3d 1305, 1307 (11th Cir. 1998).  This rule generally applies to all claims, including constitutional claims.  *See Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994) ("Where the petitioner –

whether a state or federal prisoner – failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes cause for the waiver and shows actual prejudice resulting from the alleged violation.").

> A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. *Brousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 1611(1998); *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994). . . .
>
> In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all. *See, e.g., Smith v. Murray,* 477 U.S. 527, 534, 106 S.Ct. 2661, 2666 (1986); *McCoy v. Newsome,* 953 F.2d 1252, 1258 (11th Cir. 1992). . . . *See Smith v. Jones,* 256, F.3d 1135, 1145 (11th Cir. 2001)(noting "that 'the existence of cause for a procedural default must ordinarily turn on whether a prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the procedural rule' " (quoting *Murray v. Carrier,* 477 U.S. at 488, 106 S. Ct. at 2645)); *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001).

*Lynn v. United States,* 365 F.3d 1234, 1235 (11th Cir. 2004).

Assuming arguendo that *Apprendi* does apply to Petitioner's § 2255 action, its provisions are limited to sentences which exceed the statutory maximum. *Apprendi,* 530 U.S. at 487 n. 13.  The statutory maximum sentence for a violation of 18 U.S.C. § 1956 is twenty years (240 months).  In this case, Petitioner was re-sentenced to 210 months, a sentence which was affirmed by the Eleventh Circuit.  In other words, Petitioner Perry's sentence did not exceed the maximum authorized by the jury verdict; thus, there was no

*Apprendi* violation. It follows that counsel could not have rendered ineffective assistance by failing to raise what would have ultimately been a meritless *Apprendi*-based claim. Accordingly, Petitioner is procedurally barred from raising said claim in his § 2255 motion, and his assertion that his counsel was ineffective for failing to raise possible violations of *Apprendi* must fail.

> **Issue 4.**         **Appellate Counsel was ineffective on direct appeal for failing to raise any *Apprendi/Allen* arguments.**

As noted *supra*, Petitioner was represented by the same counsel at trial and on appeal. Because no error was found with regard to Petitioner's trial counsel's failure to raise any *Apprendi* claims, there can be found no error as to Petitioner's appellate counsel's failure to raise the same claim.

As to Petitioner's contention that his appellate counsel was ineffective for failing to raise any error based on *United States v. Allen*, which is being raised for the first time in his § 2255 motion, Petitioner specifically states that

> "[a]ppellate counsel was ineffective on direct appeal for failing to raise the *Dale-Rhynes* violation where the Eleventh Circuit held in *United States v. Allen*, 302 F.3d 1260 (August 11, 2002) that, 'if there are multiple objects of a drug conspiracy and the jury has not found beyond a reasonable doubt that the defendant conspired to commit the greater conspiracy offense, the district court may not impose a sentence in excess of the lower statutory maximum.'"

(Doc. 457, p. 8).

Petitioner claims that the *Allen* opinion was filed three months prior to the filing of his direct appeal, and, as such, his counsel was ineffective for failing to research the issue and locate the *Allen* decision.

As was discussed *supra*, Petitioner's failure to raise this issue during his direct appeals precludes review of the claim by this court unless he is able to establish cause for and actual prejudice resulting from said failure. *See Brousley v. United States,* 523 U.S. 614, 622 (1998). In this case, however, even were the court to find that cause exists where counsel should have been aware of the decision in *Allen* and raised it, Petitioner is unable to establish prejudice resulting therefrom. In his direct appeal, Petitioner claimed that where the "jury did not determine the substantive crime which [Petitioner] committed, the court erred in applying the highest offense level for sentencing." (Appellants' Brief, p. 49). The Eleventh Circuit, in agreeing with Petitioner, cited *United States v. Vallejo*, 297 F.3d 1154 (11th Cir. 2002), which held that where a defendant is charged with a multiple-offense count in the indictment, "the court must find beyond a reasonable doubt that the defendant conspired to commit the particular object offense." *Vallejo,* 297 F.3d at 1169-70 (emphasis added). Petitioner's sentence was vacated accordingly and remanded for "appropriate factual findings and re-sentencing." (Doc-446-2, p. 17). Upon remand, the district court determined beyond a reasonable doubt that Petitioner conspired to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(A) and resentenced him to 210 months on that count. Following a second appeal, the Eleventh Circuit affirmed Petitioner's convictions and sentence.

The jury found Petitioner guilty of conspiring to commit money laundering in Count 52, and the trial court found that Petitioner conspired to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(A), the object of the conspiracy.  A review of the record shows that Petitioner is unable to demonstrate that any rational jury would have reached a different result as to Count 52.  As such, no prejudice is found, and Petitioner's claim is procedurally defaulted.

### Issue 5.     Trial Counsel was ineffective for failing to call key witnesses that would have corroborated Defendant's testimony and bolstered Defendant's theory of defense.

Petitioner next argues that his counsel's failure to call two key witnesses during his trial resulted in ineffective assistance of counsel.  (Doc. 457, p. 9).  Specifically, Petitioner claims that the testimony of Rebecca Cox and Ben Benford would have bolstered his defense that he believed he was working for a legitimate business.  *Id.*

The Eleventh Circuit Court of Appeals stated in *Rogers v. Zant,* 13 F.3d 384, 386 (11th Cir. 1994):

> The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). .... When reviewing whether an
attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should be highly deferential to those choices ... that are arguably dictated by a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993).  Even if many reasonable lawyers would not have done as defense counsel did at

trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one. Therefore, to prevail on an ineffective assistance of counsel claim, a defendant would have to show that his trial attorney's performance fell below an objective standard of reasonableness and that these unprofessional errors prejudiced the defense. To show prejudice, the § 2255 petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Petitioner has failed to demonstrate any deficiency in his counsel's performance in neglecting to call two witnesses that Petitioner feels should have been called to testify on his behalf. Petitioner has, therefore, failed to meet the first prong of the *Strickland* test. This court need not address the second prong of *Strickland,* that the result would have been different but for counsel's performance, although the court may observe that Petitioner has failed to present evidence on that issue as well. *Weeks v. Jones,* 26 F. 3d 1358 (11th Cir. 1995), *cert. denied,* 515 U.S. 1193, 115 S. Ct. 1258 (1995).

> **Issue 6.** **Trial Counsel was ineffective for failing to conduct pre-trial investigation.**

Petitioner next argues that his trial counsel failed to make any attempt to interview Charlotte Womack, the wife of co-defendant Virgil Womack, resulting in ineffective assistance of counsel. (Doc. 457, p. 10). Petitioner contends that had Mrs. Womack been interviewed, "she would have stated that Defendant Perry was never knowingly involved in a conspiracy with her or her husband", and further that "Defendant relied upon the belief that Virgil Womack could do, and was doing everything he said he was doing as it related to GFI." *Id.*

12

A review of the facts in this case show that Charlotte Womack was an original co-defendant in Petitioner's criminal case, but that her and her husband's cases were transferred to the District of South Carolina pursuant to Rule 20 of the Federal Rules of Criminal Procedure for prosecution.  The Respondent asserts, and it is found, that although Petitioner attached to his motion an affidavit signed by Mrs. Womack, he has failed to establish (1) whether Mrs. Womack's counsel would have allowed her to be interviewed; (2) whether she was willing to testify in 2002 at his trial; (3) whether the court would have allowed her testify as to her co-defendants' state of mind; and/or (4) what effect the cross-examination of Mrs. Womack would have had on the trial.  (Doc. 535, p. 18).  As such, even if Petitioner was able to show that his counsel's performance was deficient in failing to interview Mrs. Womack, which he has not, he has wholly failed to meet the prejudice prong which requires that he show that, absent the error, the result of the trial would have been different.  *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

**Issue 7.**     **Trial counsel was ineffective for failing to move to dismiss counts of the indictment that pre-dated Defendant joining the alleged conspiracy.**

Petitioner's next enumeration of error claims that he began his employment with GFI in February of 1997.  (Doc. 457, p. 11).  He contends that Counts 2, 3, 11, 12, 13, 26, 36, 41, 42, 48 and 49, all predated his employment as they were alleged to have occurred prior to January 28, 1997, and should have been dismissed upon motion by his attorney. Petitioner cites as support *United States v. Word*, 129 F.3d 1209 (11th Cir. 1997), which he claims held that "[i]f a defendant joins an ongoing conspiracy, he is not responsible for

13

conduct that occurred prior to his joining," and *Levine v. United States*, 383 U.S. 265, 266 (1966), which held that a defendant "cannot be held criminally liable for substantive offenses committed by members of the conspiracy before that individual had joined or after he had withdrawn from the conspiracy."    First, Petitioner's assertion as to what *Word* held is inexact, if not inaccurate.   *Word* actually held that with regard to the calculation of a defendant's sentence following a guilty verdict for conspiracy to commit mail fraud, wire fraud, and securities fraud, "the district court erred when it used acts of the conspiracy occurring before [his] involvement **to calculate his sentence**."  *Word* 129 F.3d at 1213 (emphasis added).

Second, Petitioner's reliance on *Levine* is misplaced as well.  In contrast to the decision in *Levine*,  the law of this circuit,[2] as held in *United States v. Michel,* 588 F.2d 986 (5th Cir. 1979), states that "[w]hen one knowingly joins a conspiracy in progress he is responsible for acts of the conspiracy occurring before or after his association with it." *United States v. Dearden*, 546 F.2d 622, 625 (5th Cir. 1977); *Nelson v. United States*, 415 F.2d 483, 486 (5th Cir. 1969); *see also United States v. Coleman*, 7 F.3d 1500, 1503 (10th Cir. 1993) ("It is fundamental that a party may join an ongoing conspiracy during its progress and become criminally liable for all acts done in furtherance of the scheme." (internal quotation marks omitted)); *United States v. Blackthorne*, 378 F.3d 449, 454 (5th Cir. 2004) ("[O]ne who joins an ongoing conspiracy is deemed to have adopted the prior

---

2       The Eleventh Circuit, sitting en banc in  *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

acts and declarations of conspirators, made after the formation and in furtherance of the conspiracy." (internal quotation marks omitted)); *United States v. David*, 940 F.2d 722, 735 (1st Cir. 1991) ("When, as here, a miscreant opts to join an ongoing conspiracy, the law holds him accountable for the earlier acts of his coconspirators in furtherance of the conspiracy.").

Counsel cannot be found to be ineffective for failing to raise claims "reasonably considered to be without merit." *Alvord v. Wainwright,* 725 F.2d 1282, 1291 (11th Cir. 1984), *cert denied*, 469 U.S. 956 (1984).  Based on prevailing legal authority, therefore, Petitioner's claim that his counsel was ineffective for failing to file a motion to dismiss several counts in the indictment which he contends occurred prior to his employment with GFI began must fail.

> **Issue 8.**     **Trial and Appellate Counsel were ineffective for failing to challenge jury instructions issued by the court concerning the definition of "scheme to defraud."**

Petitioner next argues that his counsel was ineffective at trial and on appeal for failing "to raise an objection/propose a proper instruction" as to the definition of the term "scheme to defraud" in the jury instructions given to the jury, thereby "affect[ing] his right to present an effective defense to the charge", pursuant to the holdings in *United States v. Brown*, 79 F.3d 1550 (11th Cir. 1996) and *United States v. Svete*, 521 F.3d 1302 (11th Cir. 2008).  (R- 457, p. 13).   In *Svete,* the Court held that:

> "In this Circuit, mail fraud requires the government to prove
> that the defendant intended to create a scheme 'reasonably

> calculated to deceive persons of ordinary prudence and comprehension.' . . . This burden is not reflected in the current Eleventh Circuit pattern jury instruction for mail fraud. Pattern Instruction 50.1 merely states that a 'scheme to defraud' is 'any plan or course of action intended to deceive or cheat someone out of money or property by means of false or fraudulent pretenses, representations, or promises.' *Pattern Jury Instructions (Criminal Cases)*, No. 50.1 (11th Cir. Jud. Council 2003 rev.) (Mail Fraud). Because the definition does not include the reasonable person standard as articulated in *Brown*, Pattern Instruction 50.1 is deficient. (some citations omitted)."

*Svete,* 521 F.3d at 1310.   However, after a rehearing *en banc*, the Eleventh Circuit ultimately determined that "we overrule our holding in *Brown* that the offense of mail fraud requires proof of a scheme calculated to deceive a person of ordinary prudence," thereby vacating their previous opinion.  *United States v. Svete*, 556 F.3d 1157, 1166 (11th Cir. 2009) (en banc).  In a recent decision with an identical issue, the Court specifically stated that:

> [Defendant] argues that the district court's instruction ran afoul of *United States v. Brown,* 79 F.3d 1550 (11th Cir.1996), which held that mail fraud requires a scheme reasonably calculated to deceive persons of ordinary prudence. That argument is derailed at the station because *Brown*, to the extent it would apply, is no longer good law in this circuit. *See United States v. Svete,* 556 F.3d 1157 (11th Cir.2009) (en banc) (overruling *Brown* and holding that the offense of mail fraud does *not* require proof of a scheme calculated to deceive a person of ordinary prudence).

*United States v. Christou*, 334 F. App'x 950 (11th Cir. 2009).   As such, Petitioner's counsel, both at trial and on appeal, could not be found to be ineffective for failing to propose a "proper" jury instruction or objecting to the instruction given by the court.

> **Issues 9, 10.  Trial and Appellate Counsel were ineffective for failing to object to Court's instruction to jury that uncharged conduct (Count 53) could be used to convict him of conspiracy.**

Petitioner next argues that the trial court "seems" to give the jury the option of finding him guilty of conspiracy to commit money laundering, as found in Count 52, if it found that the government had proven the allegations in Count 53, which was a substantive money laundering count, and with which Petitioner was not charged.  (Doc. 457, p. 13).  He contends that his trial counsel was ineffective for failing to object to the court's jury instruction regarding the same, which created confusion in the minds of the jury. *Id.*

As Petitioner notes, he was charged with two counts of conspiracy to commit fraud and money laundering, respectively, Counts 1 and 52.  The remainder of the counts he was charged with were each substantive violations of federal law.  Petitioner was not charged with, nor was he convicted of a substantive offense of money laundering, as found in Count 53.  The trial court, in giving its jury instructions, asserted that "if you have first found a defendant guilty of a conspiracy offense charged in the first count, you may also find defendant guilty of **any of the offenses that are charged in counts Two through 51 and 53**, even though the defendant did not personally participate in the offense."  (Doc. 493-3, pp. 13, 14) (emphasis added).  Although some co-defendants

**were** charged with a substantive offense of money laundering, as found in Count 53, Petitioner was not charged with, nor was he convicted of said charge.  Finding no error in the court's instructions to the jury, Petitioner is unable to establish that his counsel was ineffective for failing to object to those instructions.

**Issue 11.     Trial Counsel failed to comply with the Rule 16 Reciprocal Discovery Order.**

This claim of error is a vague assertion that Petitioner's trial counsel's failure to comply with the Rule 16 reciprocal discovery order "resulted in the exclusion of several exhibits of a documentary nature that were critical to bolster Defendant's theory of defense."  (Doc. 457, p. 14).  Petitioner's claim cites no specific examples of this supposed failure and its prejudicial effect on his case, and, thus, is found to be without merit.  Although a *pro se* Petitioner's complaint is to be read liberally, the court is not required to explore the record to attempt to locate possible error on the part of his trial counsel.  Furthermore, as was discussed *supra*, a claim not raised on direct appeal is procedurally defaulted and this court is without jurisdiction to review the same.  *See Brousley v. United States,* 523 U.S. 614, 622 (1998).

**Issue 13.     Trial and Appellate Counsel were ineffective for failing to object and/or raise the fact that the district court lacked the authority to delegate the setting of restitution to the Bureau of Prisons.**

Petitioner's thirteenth claim contends that the court erred in delegating the manner and scheduling of the restitution to the Bureau of Prisons and that his counsel erred in failing to object to the error.  (Doc. 457, p. 17). The record reveals, however, that

Petitioner attempted to raise this issue in his second appeal to the Eleventh Circuit Court of Appeals, wherein the Court determined that he had procedurally defaulted the claim. Thus, Petitioner is precluded from raising this claim in a collateral attack.  Furthermore, The Eleventh Circuit Court of Appeals has held, however, that a *pro se* federal prisoner may not utilize §2255 Motion to vacate sentence to challenge his restitution order. *Mamone v. United States,* 559 F.3d 1209, 1211 (11th Cir. 2009).

## II.    Actual Innocence Claims

### Issue 12.    Defendant John L. Perry is actually innocent of Count 52 based on the Supreme Court's holding in *United States v. Santos*.

In this enumeration of error, Petitioner argues that he is "actually innocent of Count 52 based on the Supreme Court's holding in *United States v. Santos.*"  (Doc. 457, p. 14).  Petitioner argues that "application of the 'profits' definition to the conduct which underlies [his] money laundering conviction results in the realization that [his] conduct no longer constitutes a violation of the statute."  *Id.* at 15.   In *Santos,* the Court weighed "whether the term 'proceeds' used in the federal money-laundering statute, 18 U.S.C. § 1956(a)(1), referred to 'receipts' or 'profits.' " *United States v. Santos,* 128 S. Ct. 2020, 2022. At issue in *Santos* was an illegal gambling operation, and the defendant was convicted of money laundering in violation of 18 U.S.C. § 1956. *See id.* at 2022-23.  A plurality of the Justices found that the term "proceeds" was ambiguous and, applying the rule of lenity, concluded that the term means "profits," and not "gross receipts." *See id.* at 2023-25. Under the plurality's view, "to establish the proceeds element under the 'profits'

interpretation, the prosecution needs to show ... that a single instance of specified unlawful activity was profitable and gave rise to the money involved in a charged transaction." *Id.* at 2029.

Carefully analyzing the Supreme Court's decision in *Santos*, the Eleventh Circuit Court of Appeals upheld the conviction and sentence of a defendant who was convicted of money laundering in violation of 18 U.S.C. § 1956, holding that:

> *Santos* has limited precedential value. Three parts of Justice Scalia's four-part opinion are for a plurality of justices, and those parts do not state a rule for this case. "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds....' " The narrow holding in *Santos*, at most, was that the gross receipts of an unlicensed gambling operation were not "proceeds" under section 1956, but there is no evidence that the funds Demarest laundered were gross receipts of an illegal gambling operation. The evidence instead established that the laundered funds were the proceeds of an enterprise engaged in illegal drug trafficking.

(*United States v. Demarest,* 570 F.3d 1232, 1242 (11th Cir. 2009). The Eleventh Circuit rejected Demarest's argument that he did not launder "proceeds" of illegal activity, because the monies at issue were the "receipts" from the sale of a yacht, not profits. The Eleventh Circuit found that because *Santos* was decided by a plurality of the Supreme Court, its narrow holding regarding proceeds applied only to cases involving gambling operations, and not, as in that case, drug trafficking. It would follow, then, that the holding in *Santos* does not apply to money laundering cases, either.

20

Of note, but not applicable to Petitioner's case, is that on May 20, 2009, President Obama signed into law the Fraud Enforcement and Recovery Act of 2009 ("FERA"), which, in relevant part, amends 18 U.S.C. § 1956 by adding subsection (c)(9) to define proceeds as "any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity." 18 U.S.C. § 1956(c)(9); Pub. L. 111-21 (2)(f)(1) (May 20, 2009). The FERA legislation has effectively overruled the plurality decision in *Santos*, and any prior ambiguity as to the meaning of "proceeds" has now been resolved.

Therefore, Petitioner's claim that the holding in *Santos* rendered his conviction null and void is incorrect, and his collateral attack under *Santos* fails.

**Issue 14.** **[Petitioner] is actually innocent of Money Laundering or Conspiracy to commit the same in violation of 18 U.S.C. § 1956(a)(1)(A)&(h) because the act held to constitute the money laundering offense occurred before the charged predicate offenses.**

After the filing of his § 2255 brief, Petitioner moved the court to adopt this claim as originally alleged by one of his co-defendants, Keith V. Harned, (Doc. 467, p. 9), which was granted and is hereby incorporated into his current § 2255 motion.  (Doc. 507). In this claim, Petitioner argues that because the act held to constitute money laundering occurred prior to the charged predicate offense, he is actually innocent of conspiring to launder money, a violation of 18 U.S.C. § 1956(a)(1)(a)&(h), as found at Count 52 of the indictment.  *Id.*

21

Relying on the Eleventh Circuit decision in *United States v. Christo*, 129 F.3d 578, 579-80 (11th Cir. 1997), Petitioner contends that the underlying offense, in this case mail and wire fraud, must have produced proceeds before those proceeds could be laundered. (Doc. 467, p. 10).  He further claims that the mail and wire fraud had not occurred at the time the funds were placed into the accounts of GFI, and, as such, the placement of the funds "could not have been money laundering because the predicate offenses had not yet occurred." *Id.*  In response, Respondent argues that during trial, Government's Exhibit 75, a document which "set forth the procedure that was followed by the defendants as to 'each and every' sale of a GFI promissory note" established that prior to obtaining money from the victims, "at least one mailing or wiring to execute the scheme to defraud that victim would have occurred."  (Doc. 535, p. 28).

The record reveals that the Court of Appeals addressed this issue, albeit indirectly, when it determined that "[b]ecause the use of the mails and wires in furtherance of the fraudulent scheme completed the offenses of mail and wire fraud, the placement of the funds into GFI's accounts constituted a transaction, thereby laundering the money." *See United States v. Cawthon,* No. 02-12360 (11th Cir. August 6, 2003)(per curiam).

Petitioner Perry's case cannot be distinguished from *Cawthon.*  There this claim must fail.

## III.  Pending Motions

Petitioner has filed several motions regarding this case which are pending, including a Motion for Evidentiary Hearing.  The district court need not hold an

22

evidentiary hearing every time a section 2255 claim of ineffective assistance is raised. "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations.  Nor is a hearing required where the Petitioner's allegations are affirmatively contradicted in the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989).  Perry's claim having been determined adversely to him by Circuit precedent, his motion for evidentiary hearing should be denied.

Petitioner has also moved the court for appointment of counsel.  The Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." Likewise, Rule 44 of the Federal Rules of Criminal Procedure provides that "[a] defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceedings from initial appearance through appeal, . . ."  In this case, Petitioner Perry had the benefit of counsel at every stage of his criminal prosecution through appeal.  There is no right to appointment of counsel on collateral attack, and furthermore, it is determined that the appointment of counsel is not required in this matter in the interest of justice.  18 U.S.C. § 3006A.  Therefore, Petitioner's motion for appointment of counsel should be denied.

Additionally, Petitioner has sought to be provided transcripts and documents pertaining to his case at no charge pursuant to 28 U.S.C. § 2250.  Section 2250 specifically provides that:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

In this case, Petitioner has offered no reason for requiring copies of the transcripts, but merely states that they are requested "in order that further assertions or defenses (sic) may be based on accurate information." (Doc. 457, p. 18).  In ruling on this issue, one of this court's sister courts held that "[t]he matter of granting a motion to produce copies of documents under § 2255, and if granted, what copies are to be furnished, is within the discretion of the court. Congress did not intend that documents should be furnished without a showing of need."  *See Casssidy v. United States*, 304 F. Supp. 864 (D.C.Mo. 1969).  Petitioner's motion should be denied.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Perry's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be Denied. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 19th day of March, 2010.


S/ G. MALLON FAIRCLOTH
UNITED STATES MALLON FAIRCLOTH

eSw